**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JAN BARRY HATFIELD,

               Plaintiff,

v.                                      CIVIL  ACTION  NO.  3:12-0944

CLARKE WILSON, JR. and
TURMAN CONSTRUCTION COMPANY,
a limited liability company,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiff Jan Barry Hatfield's motion to remand this action to the Circuit Court of Cabell County, West Virginia (ECF No. 10).  For the reasons stated below, the Court concludes that Defendants have satisfied their burden of showing that the requisite amount is in controversy and **DENIES** the motion.

**DISCUSSION**

This case arises out of a contract dispute in which Plaintiff alleges that Defendant owes damages for breach of an employment contract.  In the *ad damnum* clause of Plaintiff's First Amended Complaint, Plaintiff states as follows:

> Wherefore, the Plaintiff prays that he be awarded judgment against Defendant Wilson, Defendant Turman Construction, or both of them, in and for the following:
> a. Compensatory damages for the balance of employment salary due unto him in and for a **principal sum of $74,000**;
> b.  Pre-judgment interest and post-judgment interest as provided by law;
> c.  Costs, including reasonable and statutory attorney fees; and
> d. Such other and further relief as to which the Plaintiff may be deemed entitled

Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, which together permit removal to federal court of cases involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff contends that the amount in controversy does not exceed $75,000 as provided under 28 U.S.C. § 1332(a).  Defendants contend that the amount in controversy exceeds the jurisdictional threshold.  Diversity of citizenship is undisputed; the sole issue is whether the amount in controversy is satisfied.

Plaintiff argues that this Court lacks subject matter jurisdiction because the demand for compensatory damages is only $74,000.  However, in West Virginia, a plaintiff is not limited to the amount demanded in the complaint.  *Strawn v. AT&T Mobility, Inc.*, 513 F. Supp.2d 599, 603 (S.D. W. Va. 2007).  Therefore, "an *ad damnum* clause that seeks an amount below the jurisdictional threshold is not, in and of itself, enough here to deny federal jurisdiction." *Id.* (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 484-86 (S.D. W. Va. 2001).  Instead, in determining the amount in controversy for purposes of subject matter jurisdiction, "the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *White v. J.C. Penney Life Insurance Co.*, 861 F. Supp. 25, 27 (S.D.W. Va. 1994) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3725 at 423-24 (1985)).  In making this determination, the court "is not required to leave its common sense behind."  *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 24 (S.D.W. Va. 1994).  Finally, it is Defendants' burden to establish that Plaintiff's claims exceed the jurisdictional amount,

and the Defendants must prove the amount in controversy by a preponderance of the evidence. *Strawn*, 513 F. Supp.2d at 605; *McCoy,* 147 F. Supp.2d at 489.[1]

In the Motion to Remand, Plaintiff included an affidavit purporting to limit any recovery to $74,000, and Plaintiff's counsel suggested that this Court include language in a remand order that would prohibit recovery in excess of $74,000.  This Court has consistently remanded cases where a Plaintiff executes an affidavit or certification limiting recovery, other than an *ad damnum* clause, *before* removal.[2]  *See McCoy*, 147 F. Supp. 2d at 485.  Here, Plaintiff filed an affidavit and certification *after* removal, as exhibits attached to the Motion to Remand.  Post-removal affidavits and certifications do not satisfy *McCoy* and will not defeat federal jurisdiction.

## CONCLUSION

Defendants have satisfied their burden of showing that the amount in controversy exceeds $75,000.  In the First Amended Complaint, Plaintiff seeks unpaid wages of $6,800 per month from at least February 2009 through February 2010, for a total of at least $81,600.  *First Am. Compl.* ¶¶5-10.  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. ECF No. 10.  By agreement of the parties, the Court deferred briefing on the Defendants' Motions to Dismiss pending resolution of Plaintiff's Motion to Remand.  Having resolved that issue, the Court sets the following deadlines

---

[1]Defendants' reply memorandum invokes the amendments to the federal removal statute that were passed as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011.  In the removal context, the recent amendments apply only to cases originally filed in State court more than thirty days after the enactment of the amendments. Pub. L. No. 112-63, December 7, 2011, 125 Stat 758, at § 105.  The Act was signed by the President on December 7, 2011, and this case was commenced in Cabell County Circuit Court on December 30, 2011, less than thirty days later.  Thus, the amendments to § 1446 do not apply.

[2]Having concluded that the recent amendments to 28 U.S.C. § 1446 do not apply to this case, the Court expresses no view as to their effect on this practice.

-3-

for the Motions to Dismiss (ECF Nos. 4, 6): Plaintiff's responsive memoranda shall be due no later than June 10, 2011; Defendants' replies shall be due no later than June 20, 2012.  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        May 24, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE