IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAN BARRY HATFIELD,

                    Plaintiff,

v.                               CIVIL ACTION NO.   3:12-0944

CLARKE WILSON, JR. and
TURMAN CONSTRUCTION COMPANY,
a limited liability company,

                    Defendants.

**Memorandum Opinion and Order**

Currently before the Court are Defendant Clarke Wilson, Jr.'s Motion to Dismiss (ECF No. 4) and Defendant Turman Construction, LLC's Motion to Dismiss or, In the Alternative, For a More Definite Statement and to Strike Plaintiff's Demand for Attorney's Fees (ECF No. 6).   For the reasons set forth below, Defendant Clarke Wilson, Jr.'s Motion to Dismiss is **DENIED**. Defendant Turman Construction, LLC's Motion to Dismiss or, In the Alternative, For a More Definite Statement and to Strike Plaintiff's Demand for Attorney's Fees (ECF No. 6) is **GRANTED in part, DENIED in part**.   Specifically, Defendant Turman Construction, LLC's Motion to Dismiss is **DENIED**, Defendant Turman Construction, LLC's Motion For a More Definite Statement is **DENIED**, and Defendant Turman Construction, LLC's Motion to Strike Plaintiff's Demand for Attorney's Fees is **GRANTED**.

**Background**

This case arises from Jan Barry Hatfield's termination from Turman Construction.   In March 2005, Defendant Clarke Wilson arranged to purchase Turman Construction, Inc., an established

construction company, from Paul Turman.   As a part of the transaction, the new owner agreed to retain the Plaintiff, Jan Hatfield, as an employee for five years at a specified salary.   Mr. Hatfield alleges that the Defendants violated this agreement by terminating him in February 2009.

On December 30, 2011, Mr. Hatfield filed this case in the Circuit Court of Cabell County, West Virginia.   On March 2, 2012, Mr. Hatfield filed his First Amended Complaint, and the Defendants removed the case to this Court on April 2, 2012.

Discussion

Both Defendants have filed motions to dismiss which raise a number of grounds for dismissal as to each.   Each is discussed in turn.

**1.  Standard of Review**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563.   In its place, courts must now look for "plausibility" in the complaint.   This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted).   Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ."   *Id*. (citations omitted).   If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail.   In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted).   However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).   Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   (citation omitted).   The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions.   *Id*.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679.   If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"   *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)).   The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.   While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."   *Id*.

### 2.  Clarke Wilson's Motion to Dismiss

Defendant Wilson raises two grounds for dismissal.   First, he asserts that Mr. Hatfield cannot claim any rights under the contract entered into by Wilson and Turman since the contract was not for his sole benefit.   Alternatively, Wilson asserts that the Plaintiff lacks standing and that this Court therefore lacks subject matter jurisdiction over the case.

### a.   Plaintiff is a Potential Third-Party Beneficiary

In closing the sale of Turman Construction, Clarke Wilson signed an eight-page written contract setting forth all of the terms of their agreement.   The clause at issue in this case reads as follows:

> **MISCELLANEOUS COVENANTS:** In addition to payment of the purchase price, Purchaser shall:    . . .
>
> 2.  Employ the full time services of Jan Barry Hatfield at a monthly pay rate of Sixty-Eight Hundred Dollars ($6,800.00), payable to TOH BRIDGE, INC., which includes established health insurance and retirement plans for a period of Five (5) years unless amended mutually agreed upon by all the parties or Turman Construction Company ceases to exist and/or operate as a Corporation.

Despite this language, Defendant Wilson argues that Mr. Hatfield is not an intended third-party beneficiary of the contract and that he therefore cannot recover.   West Virginia law provides that:

> If a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain, in his own name, any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise.

W. Va. Code § 55-8-12.   The West Virginia Supreme Court has "repeatedly applied this statute and [has] consistently given force to the 'sole benefit' requirement."   *Eastern Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 277 (W. Va. 2001).   The West Virginia Supreme Court has further stated:

4

> In the absence of a provision in a contract specifically stating that such contract shall inure to the benefit of a third person, there is a presumption that the contracting parties did not so intend and in order to overcome such presumption the implication from the contract as a whole and the surrounding circumstances must be so strong as to be tantamount to an express declaration.

*Id*. at 278 (quoting Syl. Pt. 2, *Ison v. Daniel Crisp Corp.*, 122 S.E.2d 556 (W. Va. 1961)   Wilson argues that the contract was entered into for the straightforward purpose of selling Turman Construction, for mutual benefit to buyer and seller, and was in no way for the "sole benefit" of Mr. Hatfield.

West Virginia Code § 55-8-12 and the decisions of the West Virginia Supreme Court recognize that a Plaintiff's status as a third-party beneficiary can be determined with regard to a specific provision, covenant, or promise, and not necessarily the contract as a whole.  Half a century ago, the West Virginia Supreme Court compared the West Virginia statute to its Virginia counterpart, which permits maintenance of an action "by a person not a party to the contract, if made for his benefit 'in whole or in part' . . . ." *United Dispatch v. E.J. Albrecht Co.*, 62 S.E.2d 289, 295 (W. Va. 1950).   Virginia's allows for enforcement of a contract made for his benefit "in whole or in part," while West Virginia permits enforcement by a third party of a specific "covenant or promise."   *Id.*

The "miscellaneous covenant" regarding Mr. Hatfield's employment appears to be just such a provision.  While that clause does not state that it is made specifically for the benefit of the Plaintiff, the Defendants have offered no other explanation for its inclusion.  In construing the West Virginia statute, the West Virginia Supreme Court has recognized that determining a Plaintiff's status as a third-party beneficiary may require examination not only of the contract, but also the surrounding circumstances.  This suggests that, in some cases, the issue is more

5

appropriately resolved at the summary judgment stage of litigation.   In this case, the very specific language of the covenant to employ Mr. Hatfield is sufficient for his third-party beneficiary claim to survive a motion to dismiss.

### b.   Plaintiff Has Standing

As an alternative basis for dismissal, Defendant Wilson argues that Plaintiff does not have standing to bring this action.   In order to bring any action in federal court, a plaintiff must have standing—that is, a plaintiff must have a sufficient personal stake in the outcome of the matter being litigated to make it justiciable under Article III of the Constitution. *See Friends of the Earth, Inc. v. Gaston Copper Recycling Corp*, 204 F.3d 149, 153 (4th Cir. 2000) (citation omitted) ("*Gaston Copper I*"); *see also* U.S. Const. art. III (restricting federal courts to adjudicating "cases" and "controversies").   In order to satisfy the minimum constitutional requirements for standing, the United States Supreme Court repeatedly has stated that a plaintiff must demonstrate:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).   Defendant Wilson argues that Plaintiff cannot satisfy any of the three elements of standing because the contractual provision at issue makes Plaintiff's salary payable to TOH BRIDGE, INC, and not to Plaintiff.   Where a Plaintiff has pleaded sufficient facts to state a claim as a third party beneficiary, the existence of an alternative payment arrangement is not sufficient to defeat standing.   The contract plainly provides for the continued employment of Plaintiff at a fixed salary.   This fact alone is sufficient

6

to find standing in the face of a motion to dismiss, when the Court must make factual inferences in favor of the plaintiff.[1]

### 3.  Turman Construction's Motion to Dismiss, For a More Definite Statement, and to Strike Plaintiff's Demand for Attorney's Fees

Defendant Turman Construction argues three separate grounds for dismissal, seeks a more definite statement, and asks the Court to strike Plaintiff's demand for attorney fees.   Each issue is discussed in turn.

First, Turman Construction argues that it was not a party to the 2005 contract and has not assumed any liability for that contract.   Accordingly, Turman argues that it cannot be held liable for a contract to which it was not a party.   In response, Plaintiff states that, "[p]laintiff has never contended that Defendant Turman, LLC, was a party to the 2005 agreement, or that it is liable for that reason."   *Pl's Resp*, ECF No. 21, at 5.   Plaintiff does not concede that Turman has not assumed liability under that contract and hopes to discover evidence of assumption through discovery.   Plaintiff does state, both in his response and in Count Two of the First Amended Complaint, that the claims against Turman Construction are primarily based "on the assurances made to him by Turman, LLC principals in early 2008."   *Id*.

With regard to Count Two, Turman Construction contends that that any claim based on oral representations is barred by West Virginia's Statute of Frauds, which provides that:

> No action shall be brought in any of the following cases: …
> (f) Upon any agreement that is not to be performed within a year . . . .

West Virginia Code § 55-1-1.   Defendant Turman contends that any oral promise of continued employment would violate this provision, and acknowledges the long line of West Virginia cases

---

[1] The Court is aware that the plaintiff has filed an affidavit purporting to describe his relationship with TOH BRIDGE, INC.   The Court easily finds standing without considering the affidavit.

holding that a contract which is capable of performance within one year does not fall within the statute of frauds.  *See McClanahan v. Otto-Marmet Coal & Mining Co.*, 82 S.E. 752 (W. Va. 1914) ("An oral contract which may, in any possible event, be fully performed according to its terms within a year, is not within . . . the statute of frauds."); *Rua v. Bowyer Smokeless Coal Co.*, 99 S.E. 213 (W. Va. 1919) ("[I]f it is possible that the contract may be performed and not extended beyond a year, the contract is not void . . . ."); *Davis v. Tidewater Coal & Coke Co.*, 103 S.E. 450 (W. Va. 1920) ("Our statute of frauds does not render a contract void and unenforceable if in any possible event it may be fully performed according to its terms within one year.").  Defendant Turman argues that the only way that the alleged oral contract could terminate within one year would be by non-performance, namely three instances of misconduct by the plaintiff.  This is a mischaracterization of the allegations in the First Amended Complaint, which unequivocally alleges the existence of an oral contract with the same terms as the 2005 contract, along with the additional condition regarding misconduct.  If proven, this would result in an oral contract capable of performance within one year because of the additional conditions contained in the 2005 agreement.

The cases cited in Defendant Turman's reply are not to the contrary.  It is true that West Virginia "has traditionally recognized that an employment which is of an indefinite duration is rebuttably presumed to be a hiring at will, which is terminable at any time at the pleasure of either the employer or the employee," *Younker v. Eastern Assoc. Coal Corp*, 591 S.E.2d 254, 257 (W. Va. 2003), and that "any promises alleged to alter the presumptive relationship must be *very definite* to be enforceable." *Id.* at 258.  Plaintiff has alleged that very specific promises were made which reference the written 2005 agreement and add an additional term regarding misconduct.  If

8

supported with sufficient facts, developed through discovery, Plaintiff's allegations may give rise to a valid contract which, as discussed above, does not fall within the statute of frauds.   Turman Construction's Motion to Dismiss is **DENIED**.

Having concluded that the First Amended Complaint states claims sufficient to survive a motion to dismiss, the Court turns to Defendant Turman's motion for a more definite statement. As already discussed above, the allegations in Plaintiff's First Amended Complaint are not so vague as to require Defendant Turman to speculate as to the claims brought against it.   The specific content and context of the alleged promises is a factual matter that the Court expects to be developed through the course of discovery. Turman Construction's Motion for a More Definite Statement is **DENIED**.

Last, Defendant Turman has moved to strike part of paragraph 15.c. of the First Amended Complaint.   That paragraph, part of the *ad damnum* clause of the First Amended Complaint, seeks, "[c]osts, including reasonable and statutory attorney fees . . . ."   Plaintiff concedes that there is no contractual claim for attorney fees, but would preserve the clause in order to protect any claim for fees allowed by statute or common law.   In light of Plaintiff's concession, and his failure to point to any statute or rule permitting recovery of attorney fees, Defendant's Motion to Strike Plaintiff's Demand for Attorney Fees is **GRANTED**.   Plaintiff's demand for attorney fees is **STRICKEN** from the First Amended Complaint.

### Conclusion

For these reasons, Defendant Clarke Wilson's Motion to Dismiss (ECF No. 4) is **DENIED**. Defendant Turman Construction Company, LLC's Motion to Dismiss or, In the Alternative, For a More Definite Statement and to Strike Plaintiff's Demand for Attorney's Fees (ECF No. 6).

**GRANTED in part, DENIED in part**.   The Court **DIRECTS** the Clerk to send a copy of this

written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        July 13, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE