IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAN BARRY HATFIELD,

          Plaintiff,

v.                                                  CIVIL ACTION NO. 3:12-0944

CLARKE WILSON, JR. and
TURMAN CONSTRUCTION COMPANY,
a limited liability company,

          Defendants.

**MEMORADUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jan Barry Hatfield's motion to amend the pleadings (ECF No. 36). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

**DISCUSSION**

Plaintiff alleges that Defendants owe damages for breach of Plaintiff's employment contract. In his First Amended Complaint, Plaintiff seeks the following relief in the *ad damnum* clause:

    a. Compensatory damages for the balance of employment salary due unto him in and for a principal sum of $74,000.00;
    b. Pre-judgment interest and post-judgment interest as provided by law;
    c. Costs, including reasonable and statutory attorney fees; and
    d. Such other and further relief as to which the Plaintiff may be deemed entitled.

Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, which permit removal to federal court for cases involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff then moved to remand the case, arguing that removal was not proper because the amount in controversy did not exceed $75,000 as provided under 28 U.S.C. § 1332(a). This Court denied Plaintiff's motion to remand, stating that the amount in controversy was not limited to the relief sought in the *ad damnum* clause, and that the Court could determine independently the amount in controversy. ECF No. 14. This Court also noted in the Memorandum Opinion and Order that although Plaintiff completed an affidavit purporting to limit recovery to $74,000, that affidavit did not defeat federal jurisdiction and did not justify remand because the affidavit was completed after removal rather than before. *Id.*

      Plaintiff has timely moved the Court for leave to amend his pleadings, pursuant to Rule 15 of the Federal Rules of Civil Procedure. ECF No. 36. Plaintiff's "principal reason" for amending is to change the amount of relief sought from $74,000 to over $84,000,[1] which he claims more accurately reflects the amount of damages he believes he is owed. In support of his motion, Plaintiff points out that he only limited his prayer for recovery to $74,000 in order for his case to remain in the Circuit Court of Cabell County, which was his forum of choice. Moreover, he has always been honest and open about this purpose. No longer being in the forum of his choice, after having tried to remand his case, he now hopes to seek an increased amount of damages.

---

[1] Plaintiff's motion to amend states that the amount sought would be $84,240.00, while Plaintiff's reply to Defendant Turman Construction Company's response in opposition states that the amount sought would be $84,465. Both amounts are in excess of $75,000, and so the discrepancy does not affect the Court's analysis.

2

Defendant Turman Construction Company argues in opposition that Plaintiff's attempt to amend is in bad faith because Plaintiff's earlier limitation of his recovery, solely in an attempt to keep the case in state court, was a manipulation of the judicial process. Also, Defendant argues that granting the motion to amend would cause substantial prejudice. Plaintiff has been aware of the true amount of damages due for some time, Defendant argues, and has not justified his delay in seeking to amend his pleadings. Because additional discovery would be needed and because Turman could not address such amendments in the earlier rejected motion to dismiss, prejudice would result.

Contrary to Defendant's argument, Plaintiff's motion to amend is not in bad faith. Plaintiff has always been forthright that the reason for limiting his damages was to stay in the forum of his choice. Plaintiff challenged the removal of the case to federal court, further making clear his desire to remain in the Cabell County Court. In the Memorandum Opinion and Order denying the motion for remand, this Court noted that it was not limited to the *ad damnum* clause in determining the amount in controversy. *Strawn v. AT&T Mobility, Inc.*, 513 F. Supp. 2d 599, 603 (S.D. W. Va. 2007) (citing *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 484-86 (S.D. W. Va. 2001)), *rev'd and remanded on other grounds*, 530 F.3d 293 (4th Cir. 2008); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3725 at 423-24 (1985)). While Defendant points to case law supporting its argument against amendment, *see De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995) and *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006), those cases are distinguishable because they deal with the amount in controversy and "bad faith" pleading in the context of removal itself, not after removal is a settled issue. The Court

3

earlier noted its ability to independently determine the amount in controversy, stated it was not bound by Plaintiff's affidavit limiting recovery to $74,000, and decided that the amount in controversy does exceed $75,000. Given these previous statements, it would be inconsistent to now deny Plaintiff the chance to timely amend his pleadings to increase the amount of relief sought. Plaintiff has not acted in bad faith, but merely seeks an increased amount of damages in line with this Court's earlier decision that the amount in controversy did exceed $75,000.

Furthermore, allowing amendment will cause no prejudice to Defendants. Plaintiff's motion to amend was timely filed within the deadline for such a motion. Defendant's Response in Opposition to Plaintiff's Motion to Remand was premised on Defendant's own argument that the amount in controversy exceeded $75,000; in fact, Defendant in that Response stated that the amount in controversy was at least $95,200. Plaintiff is not seeking to change the substance of the contract claim itself, the timeframe in question, or the parties. Discovery will not be substantially altered. Also, Defendant remains free to file an answer to the amended complaint, in order to raise any arguments it deems necessary in light of the amendment. With all this in mind, Defendant cannot claim prejudice as a result of amendment.

## CONCLUSION

Based on the reasoning above, Plaintiff's motion to amend his pleadings (ECF No. 36) is GRANTED. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 5, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE